UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

END PRODUCT RESULTS, LLC, a Michigan
Limited Liability Company, d/b/a Golden Dental
Solutions, and BEAK & BUMPER, LLC, a
Michigan Limited Liability Company,

        Plaintiffs,

v.

DENTAL USA, INC., an Illinois Corporation,

        Defendant.
_____/

Case No.
Hon.

BODMAN PLC
By:   Dennis J. Levasseur (P39778)
       Carl T. Rashid (P66064)
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
dlevasseur@bodmanlaw.com
crashid@bodmanlaw.com
(313) 259-7777
Attorneys for Plaintiffs
_____/

# **COMPLAINT**

April 5, 2012

Plaintiffs End Product Results, LLC, d/b/a Golden Dental Solutions ("Golden") and Beak and Bumper, LLC ("Beak and Bumper"), by their attorneys, Bodman PLC, for their complaint against defendant Dental USA, Inc., state as follows:

## PARTIES

1. Plaintiffs Beak and Bumper and Golden are Michigan limited liability companies with their principal places of business located at 18525 Moross Road, Detroit, Michigan 48224.

2. Upon information and belief, defendant Dental USA, Inc. is an Illinois corporation with its principal place of business located at 5005 McCollum Lake Road, McHenry, Illinois 60050.

3. The claims set forth below arise out of defendant's infringement of plaintiffs' federally registered trademarks, false designations of origin, false representations and unfair competition in violation of Sections 32(1) and 43(a)(1) of the Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. §§1114(1) and 1125(a)(1), and for common law trademark infringement and unfair competition.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action under to 28 U.S.C. §§1331-32 and 1338 and supplemental jurisdiction under 28 U.S.C. §1367.

5. This Court has personal jurisdiction over defendant because defendant has committed tortious acts and caused injury as described herein in the State of Michigan, and has engaged in and transacted business in the State of Michigan.

6. Venue is proper in the Eastern District of Michigan under 28 U.S.C. §§1391(b) and (c).

## STATEMENT OF FACTS

A.  **The Physics Forceps® and Registered Marks**

7.  Plaintiff Beak and Bumper owns U.S. Registration No. 3,341,070 issued on the Principal Register of the U.S. Patent and Trademark Office (the "USPTO") on November 20, 2007 for the trademark "Physics Forceps®." See, Exhibit A.

8.  Plaintiff Beak and Bumper also owns U.S. Registration No. 3,887,729 issued on the Principal Register of the U.S. Patent and Trademark Office (the "USPTO") on December 7, 2010 for the trademark "Beak & Bumper®." See, Exhibit B.  Physics Forceps® and Beak and Bumper® are collectively referred to as the "Registered Marks."

9.  Plaintiff Golden is the exclusive trademark licensee of plaintiff Beak & Bumper. In particular, plaintiff Golden has the exclusive right to use the trademarks Physics Forceps® and Beak & Bumper® to make, have made, use, offer to sell, and sell licensed products, including the Physics Forceps®.

10. As demonstrated below, Physics Forceps® is the name ascribed the dental instruments invented by Dr. Richard Golden that are used to extract teeth.  Beak & Bumper® is the patented technique used to extract virtually any tooth in any condition, while preserving the buccal bone and socket.

11. The "beak" of the Physics Forceps® is designed to apply controlled pressure, using only the dentist's wrist movement, parallel to the long axis of the root, while the bumper acts as a simple fulcrum or pivot point.  Pictures of the Physics Forceps® sets (Standard, Posterior, and Pedodontic) are provided below:

**Standard Series**



**Upper Left    Lower Universal    Upper Anterior    Upper Right**

**Posterior Series**



**Pedodontic Series**



12.     Before the development of the Physics Forceps®, extraction of a tooth was typically accomplished by a dentist grasping both sides (i.e., two forces) of the crown of a tooth with conventional forceps and twisting the tooth in a back and forth action with the dentist's arm until the tooth loosened and released from the socket.  That procedure was uncomfortable for the patient, often unpredictable for the doctor, and only allowed such instruments to be used if the tooth had a crown that could be grasped by both beaks of conventional forceps.  A picture of a conventional forceps is provided immediately below:



13.     If the tooth was rotted to (or below) the gumline or did not have a crown or was fractured, etc., conventional forceps would not be able to extract the root of the tooth because there would not be anything to grasp and pull. In such instance, the tooth would have to be surgically extracted by cutting the patient's bone and/or gum to extract the tooth. Alternatively, other techniques could be used, such as elevators, but such techniques can be unpredictable, uncomfortable for the patient, and very time consuming.

14.     Unlike conventional dental forceps, Dr. Golden's revolutionary Physics Forceps® design and the patented Beak & Bumper® technique allows for difficult dental extractions to be performed in a simple, predictable, and efficient manner. The Physics Forceps® design only requires one point of contact on the tooth with the beak of the instruments and allows for the

tooth to be rolled out on the socket using only wrist movement. Following the development of his Physics Forceps®, Dr. Golden filed his first patent application in November 2002. That patent application ultimately issued as U.S. Patent No. 6,910,890 (the "'890 Patent").

15. Thereafter, Dr. Golden filed a series of design patent applications beginning on March 18, 2005. The design applications differ from each other in that each represents a variation of the dental forceps used for different teeth in the mouth. Each of these patents issued a U.S. Patent number: U.S. Patent No. D566,840 issued April 15, 2008; U.S. Patent No. D567,376 issued April 22, 2008; U.S. Patent No. D561,899 issued February 12, 2008 and U.S. Patent No. D590,947 issued April 21, 2009.

B. **Defendant's Prior Actions.**

16. In 2006, Dr. Richard Golden (the former owner of the trademarks and patents, who assigned those rights to Beak and Bumper, LLC) and defendant entered into a certain agreement whereby defendant agreed to manufacture Physics Forceps® for plaintiff Golden in the United States (Chicago, Illinois). The Physics Forceps® were to be manufactured according to Dr. Golden's quality and design specifications.

17. In or around June 2007, defendant sent the first shipment of Physics Forceps® to plaintiff Golden who rejected them because they were unsatisfactory in quality and design.

18. At least as early as April 2009, defendant began marketing rejected dental forceps returned to them by plaintiff Golden, which encompassed plaintiffs' patented designs. When plaintiff became aware of defendant's actions, it filed a patent infringement lawsuit in the Eastern District of Michigan, Case No. 2:09-cv-13561 to protect the patents.

19. Thereafter, Dr. Golden and defendant entered into a settlement agreement where defendant acknowledged, among other things, the validity of plaintiffs' patents and agreed to

stop making, selling, offering for sale and/or using dental pliers which infringe upon the patents.

20. In violation of the settlement agreement, defendant continued to infringe upon the patents. Recently, Dr. Golden filed a claim in arbitration for breach of the settlement agreement concerning the aforementioned patent infringement lawsuit.

### C. Goodwill and Recognition Associated with Physics Forceps® and Beak & Bumper®

21. As demonstrated by the above pictures, the Physics Forceps® is a two handled instrument. From 2007 through March 2011, the trademark "Physics Forceps®" was engraved on one handle and "Golden Misch" on the other handle of the forceps. "Golden" is the last name of Dr. Richard Golden. "Misch" is the last name of Dr. Carl Misch, who has no ownership interest in the above described patents and trademarks. Beginning in 2005, Drs. Golden and Misch entered into an endorsement agreement whereby the "Golden Misch" name would be used to promote and sell the Physics Forceps®. Prior to March 2011, GoldenMisch was the assumed name for End Product Results, LLC.

22. As of March 2011, the endorsement agreement with Dr. Misch was no longer effective and his name was removed from all Physics Forceps® sold by plaintiff Golden after that date.

23. From March 2011, to current, the trademark "Physics Forceps®" is engraved on one handle and "Golden Dental Solutions" on the inside of the handle. Physics Forceps® is also used by plaintiff Golden in all of its marketing materials and branding, including, but not limited to, its: product brochure, advertising, literature, at trade shows, continued education courses, internet site (www.goldendentalsolutions.com), and other social media sites. Exhibit C is plaintiff Golden's Physics Forceps® brochure. Exhibit D is the front page of plaintiff Golden's internet site (www.goldendentalsolutions.com, directed to physicsforceps.com), which advertises

the Physics Forceps® for sale.

24. Through marketing the trademark Physics Forceps®, the product has gained national notoriety, including an appearance on THE DOCTORS TV Show (See, www.goldendentalsolutions.com). The product has also gained the recognition of dental industry leaders, whose testimonials can be read on plaintiff's website. Id.

25. By virtue of Golden's continuous and substantial use of the Physics Forceps® Mark, the quality of the Physics Forceps® product provided under the Physics Forceps® Mark and unsolicited media attention in connection with the Physics Forceps®, the Physics Forceps® Mark has come to symbolize substantial, valuable goodwill. Plaintiffs' Physics Forceps® branded product enjoys widespread recognition and popularity amongst dentists, corroborated by the testimonials displayed on its website (See, www.goldendentalsolutions.com) and several clinical articles and studies. See, Exhibit E, testimonials. See, also, Exhibit F, clinical articles.

D. **Continued Use and Secondary Meaning Associated with Physics Forceps® and Beak & Bumper®**

26. Plaintiffs' Physics Forceps® Mark has been used continuously and exclusively since 2007 for plaintiffs' forceps product, and has acquired secondary meaning in the eyes of the dental community, and plaintiffs' common-law rights therein are widely recognized and well-established.

27. Plaintiffs' Beak & Bumper® Mark has been used continuously and exclusively since 2010 in connection with plaintiffs' forceps products, and has acquired secondary meaning in the eyes of the dental community, and plaintiffs' common-law rights therein are widely recognized and well-established.

28. Plaintiffs' trademark registrations are incontestable, valid and subsisting, unrevoked and uncanceled under Section 15 of the Lanham Act, 15 U.S.C. §1065.

- 8 -

Detroit_1176458_1

29.     By virtue the continuous and substantial legitimate use of the Registered Marks, the quality of the product under the Registered Marks and unsolicited media attention accorded the Registered Marks, plaintiffs have gained substantial, valuable goodwill with respect to the Registered Marks.

30.     Plaintiff Golden's promotion and use of the Registered Marks has caused the public to associate the Registered Marks with plaintiff Golden and to believe that the goods provided in connection with the Registered Marks are exclusively associated with, or are sponsored by, plaintiff Golden.

E.      **Defendant's Trademark Infringement and Other Wrongful Activities.**

31.     Recently, plaintiffs discovered that defendant is unlawfully using the goodwill, recognition and secondary meaning of the trademarks Physics Forceps® and Beak & Bumper® to sell its own competing product, the Misch Power Elevator.

32.     Plaintiffs are informed and believe that defendant is unlawfully using the goodwill associated with Physics Forceps® and Beak & Bumper® in at least four channels of communication to the general public to promote its inferior product, the Misch Power Elevators, and/or to pass off the Misch Power Elevators as plaintiffs' Physics Forceps®.

33.     Defendant does not have the right to use the trademark Physics Forceps® for any reasons, especially not to promote another product, which is what it is doing.

34.     **First,** defendant is using Physics Forceps® and a form of Beak & Bumper® ("Beak & Fulcrum") on defendant's website, www.mydentalusa.com, and other websites believed to be owned and/or otherwise affiliated with defendant (www.uniteddentalmall.com and www.toothtopia.com (an official dealer of Dental USA) to confuse customers in to believing that defendant's product is the Physics Forceps®.

- 9 -

35. For example, the left side of the homepage of defendant's website lists "products." Under "products" is a list of the products sold by defendant. One click on "forceps" and, among others, the term "Physics Forceps" appears, but, despite using plaintiffs' trademark Physics Forceps®, plaintiffs' product is not associated with any of these products. In fact, the only product that appears under physics forceps is bumper guards, not plaintiffs' Physics Forceps®. See, Exhibit G (G1, G2, G3 and G4), video taken of defendant's website. See, also, Exhibit H, printouts from defendant's website.

36. Moreover, when one clicks on the "Golden Dental Solutions-Physics Forceps Set," where defendant uses plaintiffs' trademarks Physics Forceps® and Beak & Bumper® in the advertisement ("Physics forceps revolutionery (*sic*) beak and bumper extraction instruments using wrist movement only"), the viewer of defendant's website is directed to a page to purchase the Misch Power Elevators, Misch retractors, and Misch bumpers, not plaintiffs' product. See, Exhibit G; See, also, Exhibit I, printouts from defendant's website. In fact, plaintiffs' product is nowhere to be found on defendant's website for purchase. See, Exhibits G (G1, G2, G3 and G4) and I. Indeed, plaintiffs' product is listed on defendant's website simply to lure buyers in to purchasing the Misch products. See, Id.

37. Finally, defendant advertises the Misch Power Elevators as "The Next Generation of Beak & Fulcrum Instruments." See, Exhibit I.

38. This advertisement constitutes an infringement for at least two reasons: (1) defendant is attempting to confuse the public into believing they are purchasing plaintiffs' products by using the goodwill and name associated with plaintiffs' Beak & Bumper® Mark in advertising the Misch products as "Beak & Fulcrum;" (2) by advertising the Misch product as the "Next Generation," the public is deceived into believing that these are the next generation of

plaintiffs' products. The fact of the matter is that there never was a "first generation" of Misch products, so the only "Next Generation" defendant could possibly be referring to is plaintiffs' products.

39. **Second**, defendant is using the goodwill associated with the Physics Forceps® Mark to unlawfully sell Physics Forceps® (imitation or otherwise) on eBay.com. To illustrate, attached as Exhibit J is an eBay.com search for "Physics Forceps." Twenty five results displayed for the search phrase: "Physics Forceps®," all of the advertisements listed by the defendant (Location: Illinois). Id. When one clicks on the first advertisement, the website for Dental Instruments Toothtopia, "an official dealer of Dental USA Inc.," appears. See, Exhibit K (pages 1-2).

40. Similar to the misappropriation of the Registered Marks on the websites, defendant lists "Golden Dental Solutions-Physics Forceps" in the eBay advertisement despite having no authority to use or advertise the Physics Forceps® Mark on eBay or elsewhere. Id. Defendant also lists the brand as "Golden Dental Solutions" despite having not authority to do so. Id. Finally, the six page advertisement uses plaintiffs' trademark Physics Forceps® several times and plaintiffs' trademark Beak & Bumper® more than once. Id.

41. Defendant has not ordered a set of Physics Forceps® from plaintiffs since July 2011. According to eBay, however, defendant has sold 15 sets by using plaintiffs' trademark Physics Forceps®, has 85 sets still available to sell and recently sold sets on January 19, 2012, February 16, 2012, and March 9, 2012. See, Exhibit K.

42. Upon information and belief, many of the 15 sets already sold and all of the eighty five sets currently for sale and advertised under plaintiffs' trademark Physics Forceps® are not plaintiffs' products. Rather, upon information and belief, defendant must be

- 11 -

manufacturing an imitation product and passing it off as plaintiffs.

43.     **Third**, the defendant is using the goodwill associated with Physics Forceps® and Beak & Bumper® during trade shows to promote the Misch Power Elevators and/or an imitation Physics Forceps® manufactured by defendant.

44.     Throughout the year, the dental industry holds many trade shows. During those trade shows multiple vendors display their products for sale and esteemed dentists throughout the United States speak about developments in the field and new equipment. The Physics Forceps® has gained world wide notoriety from panel discussions at these conferences, and others, and is endorsed by many industry leaders in the United States (See, www.goldendentalsolutions.com).

45.     Plaintiffs' representatives attend nearly every trade show and display the Physics Forceps® Mark. Defendant also attends the same trade shows and displays its products, including the Misch Power Elevators, discussed above.

46.     However, on the defendant's display table defendant displays the Physics Forceps® brochure and on top of the Physics Forceps brochure the Misch Power Elevator product, not plaintiffs' Physics Forceps. See, Exhibit L. Exhibit L to this complaint illustrates defendant's display table at the ICOI event in San Diego, California from February 16-18, 2012.

47.     This picture demonstrates defendant's unlawful use of Physics Forceps® and the confusion to potential purchasers who are deceived into believing they are purchasing Physics Forceps® at a discounted rate (Misch Power Elevator is sold for less than the Physics Forceps®) or the "next generation" of Physics Forceps®. See, Id.

48.     **Fourth**, Physics Forceps® has earned the respect and goodwill of the dental community and is associated with no other company, other than the plaintiffs. However, when one searches Google for "Physics Forceps," both plaintiffs and defendant's websites appear on

Detroit_1176458_1

the first page. See, Exhibit M.

49. When a dentist clicks on the defendant's website, "Golden Dental Solutions-Physics Forceps Set" is advertised on the website, but as discussed above the purchaser is directed to a page to purchase the Misch Power Elevators, not the Physics Forceps®. See, Exhibit G and I. Worse yet, the google page has a quick-link to the defendant's eBay advertisement, discussed above, where defendant, through Toothtopia.com, wrongfully asserts that Physics Forceps® can be purchased. See, Exhibit N.

50. **Finally**, defendant is unlawfully competing with plaintiffs. Not only is defendant using the goodwill associated with Physics Forceps® and Beak & Bumper® to lure customers to their website or phone lines to unlawfully try and sell them the Misch product(s), but defendant also disparages the Physics Forceps® when one calls their customer service and makes no attempt to sell the Physics Forceps®.

51. One call to the phone number listed on defendant's website and it quickly becomes apparent that defendant has adopted a procedure and practice designed to undermine the Physics Forceps®, while at the same time praising the Misch product. To illustrate, Exhibit O is a taped telephone conversation between an employee of plaintiff and the defendant.

52. As demonstrated in Exhibit O, on numerous occasions, the customer representative informs the caller that the Misch products are "better" than the Physics Forceps, but provides no supportive reasoning. The customer service representative makes no attempt to sell the Physics Forceps®, but makes every attempt to derail it.

53. Defendant's plan is simple - lure customers to the website and phone lines by unlawfully using the Physics Forceps® and Beak & Bumper® Marks on their websites and other advertising vehicles, then disparage Physics Forceps® to the consumer when they seek

information about them. Thus, defendant is unlawfully using plaintiffs' Physics Forceps® and Beak & Bumper® Marks to generate traffic and interest to sell products other than plaintiffs Physics Forceps®.

54. Defendant's use in commerce of Physics Forceps® and Beak & Fulcrum in connection with the sale of its imitation product and/or the Misch product is likely to cause confusion among consumers and constitutes willful and intentional infringement of the proprietary trademark rights of plaintiffs for which only this Court can provide equitable and monetary relief.

55. Defendant had constructive, if not actual, notice of plaintiffs' Federal registrations of the Registered Marks under Section 22 of the Lanham Act, 15 U.S.C. §1072, prior to its adoption and/or use of Physics Forceps® and Beak & Fulcrum (plaintiffs' trademark is Beak & Bumper®).

56. On numerous occasions, plaintiffs' representatives have demanded that defendant's representatives cease, desist, and discontinue infringing upon plaintiffs' trademarks and committing acts of unfair competition.

57. Defendant has not agreed to refrain from the activities explained above.

58. Defendant's use of the Physics Forceps® and Beak & Bumper® Marks (by using "Beak & Fulcrum") is likely to cause confusion with plaintiffs' use of the Registered Marks.

59. The products with which defendant unlawfully uses the Physics Forceps® and Beak & Bumper® Marks are nearly identical or closely related to the products offered by plaintiffs under the Physics Forceps® and Beak & Bumper® Registered Marks.

60. Defendant's products are sold to the same medical profession – dentists - and are marketed similarly on the internet and at industry trade shows.

61. The Misch product and/or the imitation Physics Forceps® manufactured by defendant is in direct competition with plaintiffs.

62. Defendant's use of the Physics Forceps® and Beak & Bumper® Marks in connection with the sale, distribution, advertising and promotion of the Misch product or imitation Physics Forceps® is intended to and is likely to cause confusion, mistake or deception of the trade and public, and to cause the trade and the public to believe that such products are the same as plaintiffs' products or are authorized, endorsed, sponsored or approved by plaintiffs or are otherwise affiliated or connected with plaintiffs' product sold under the Physics Forceps® and Beak & Bumper® Registered Marks.

63. Defendant is selling instruments to customers who believe they are purchasing the Physics Forceps® designed and manufactured by plaintiffs, when, in fact, such instruments are manufactured by defendant and/or its affiliates to look like the Physics Forceps®. Such instruments are not purchased by defendant from plaintiffs, nor do such instruments work properly or meet plaintiffs' quality standards.

64. Defendant's activities have resulted in and are expected to continue to result in the substitution and passing off of defendant's products to purchasers seeking to purchase plaintiffs' products and to injure the business reputation and dilute the distinctive quality of the Physics Forceps® and Beak & Bumper® Registered Marks.

65. Defendant's activities have caused and will continue to cause irreparable harm to plaintiffs, the substantial goodwill embodied in its Physics Forceps® and Beak & Bumper® trademarks, and plaintiffs' business and profits, and plaintiffs' Registered Marks, and such actions will continue unless restrained by this Court.

66. Plaintiffs have no adequate remedy at law.

## COUNT I

### FOR TRADEMARK INFRINGEMENT UNDER SECTION 32(1) OF THE LANHAM ACT

67.     Plaintiffs incorporate by reference the allegations in paragraphs 1 through 66 of this complaint.

68.     Defendant's conduct is calculated to and is likely to deceive, mislead, and confuse the relevant trade and public as to the source or sponsorship of defendant's goods. Defendant's conduct constitutes willful trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1).

## COUNT II

### FOR INFRINGEMENT AND USE OF FALSE DESIGNATIONS OF ORIGIN UNDER SECTION 43(A)(1)(A) OF THE LANHAM ACT

69.     Plaintiffs incorporate by reference the allegations in paragraphs 1 through 68 of this complaint.

70.     Defendant's conduct constitutes willful infringement and the knowing use of false designations of origin and false descriptions and representations in connection with products placed into the stream of commerce in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

## COUNT III

### FOR COMMON LAW TRADEMARK INFRINGEMENT

71.     Plaintiffs incorporate by reference the allegations in paragraphs 1 through 70 of this complaint.

72.     Defendant's conduct constitutes willful trademark infringement under common law.

Detroit_1176458_1

## COUNT IV

## FOR COMMON LAW UNFAIR COMPETITION

73.     Plaintiffs incorporate by reference the allegations in paragraphs 1 through 72 of this complaint.

74.     Defendant's conduct constitutes willful unfair competition by disparaging plaintiffs' product, while at the same time using the goodwill associated with plaintiffs' trademarks and products to lure customers to purchase products substantially similar to plaintiffs. Defendant's actions constitute, *inter alia,* passing off and misappropriation under common law.

WHEREFORE, plaintiffs pray for a judgment:

1.     Preliminarily and then permanently enjoining and restraining defendant, its officers, agents, servants, employees, attorneys, successors and assigns, and all persons or entities acting in concert or participation with them or any of them, from offering for sale, whether on the internet or elsewhere, sale, advertising and/or promotion of its products or services related thereto using: (a) the trademarks Physics Forceps® and Beak & Bumper®, whether alone or in combination with any other word or design, or any confusingly similar variations thereof, including but not limited to "Beak & Fulcrum", and (b) any other false designation of origin or false description or representation or any other word, name symbol or design calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that defendant's businesses or products are plaintiffs' businesses or products or are authorized, endorsed or sponsored by plaintiffs or are connected or affiliated in any way with plaintiffs or the product sold by plaintiffs under the Registered

- 17 -

Marks;

2. Directing defendant to file with the Court and serve on plaintiffs' counsel, within thirty (30) days after entry of any injunction issued by the Court in this action, a sworn written statement as provided in 15 U.S.C. § 1116;

3. Awarding plaintiffs damages for defendant's acts of trademark infringement, and unfair competition;

4. Directing defendant to account to plaintiffs for its profits arising from the conduct complained of herein;

5. Awarding plaintiffs treble damages for defendant's willful acts of infringement of plaintiffs' Registered Marks and of false designation, descriptions and representations in violation of 15 U.S.C. §1125(a)(1)(A);

6. Awarding plaintiffs their reasonable attorneys fees, taxable costs and disbursements of this action; and

7. Awarding plaintiffs such other and further relief as the Court deems just and proper.

> Respectfully submitted,
>
> BODMAN PLC
>
> By: /s/ Dennis J. Levasseur
> Dennis J. Levasseur (P39778)
> Carl T. Rashid (P66064)
> 6th Floor at Ford Field
> 1901 St. Antoine Street
> Detroit, Michigan 48226
> (313) 259-7777
> dlevasseur@bodmanlaw.com
> crashid@bodmanlaw.com
> Attorneys for Plaintiffs

April 5, 2012

Detroit_1176458_1