UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

END PRODUCT RESULTS, LLC, a Michigan
Limited Liability Company, d/b/a Golden Dental
Solutions, and BEAK & BUMPER, LLC, a
Michigan Limited Liability Company,               Case No. 12-11546
                                                  Hon. Lawrence P. Zatkoff
         Plaintiffs,

v.

DENTAL USA, INC., an Illinois Corporation,

         Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on October 20, 2014

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Plaintiffs' Motion to Strike Defendant's Answer to Plaintiffs' Second Amended Complaint [dkt 152]. The motion has been fully briefed. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the following reasons, Plaintiffs' motion to strike is DENIED.

## II. BACKGROUND

The factual and procedural background was set forth in great detail in the Court's September 30, 2014, Opinion and Order, and that background is hereby incorporated by reference.

As it relates to the present motion, on March 6, 2014, the Court granted in part and denied in part Plaintiffs' motion to amend its First Amended Complaint. The Court granted Plaintiffs' motion to amend only to allow Plaintiffs to add a new Count V to assert a claim for cancellation of Defendant's trademark registration for "The Next Generation of Beak and Fulcrum Instruments." When Plaintiffs filed their Second Amended Complaint on April 1, 2014, Plaintiffs did not alter any of the allegations in the first four counts; instead, they simply added allegations to support their claim in Count V for cancellation of Defendant's trademark registration for "The Next Generation of Beak and Fulcrum Instruments."

On April 15, 2014, Defendant filed its answers to the allegations in the Second Amended Complaint (as well as its affirmative defenses and counterclaims). Some of Defendant's answers to the allegations in the first four Counts of Plaintiffs' Second Amended Complaint were modified from Defendant's answers to the identical allegations in the first four Counts of Plaintiffs' First Amended Complaint. On May 10, 2014, Plaintiffs' counsel wrote to Defendant's counsel to demand that Defendant "immediately withdraw its answers to" certain paragraphs of the Second Amended Complaint because Plaintiffs' counsel believed such amended answers were "impermissible" and "improper." On May 14, 2014, Defendant's counsel responded that Plaintiffs' counsel's demand was meritless. On June 23, 2014, Plaintiffs filed the instant motion.

## III. ANALYSIS

In essence, Plaintiffs assert that: (a) Defendant made judicial admissions when answering Plaintiffs' First Amended Complaint, but (b) those admissions were absent from Defendant's answers to the Second Amended Complaint. As such, Plaintiffs seek to have Defendant's answers to the Second Amended Complaint stricken insofar as such answers differ from Defendant's answers to the First Amended Complaint.

Though the Court finds Defendant's practice of filing modified answers to identical allegations of an amended complaint inconsistent with the spirit of the Federal Rules of Civil Procedure and pleading practices, the Court is not persuaded that Plaintiffs' motion should be granted. Most significantly, Plaintiffs' motion to strike is untimely. First, it is untimely pursuant to Federal Rule of Civil Procedure 12(f), which requires that a motion to strike an answer be filed no later than 21 days after being served with the pleading. Second, the Court finds Plaintiffs' motion to strike to be untimely even if Plaintiffs are correct that Rule 12(f) is inapplicable in this case because the motion to strike is not based on "an insufficient defense or any redundant, impertinent, or scandalous matter." *See* Fed.R.Civ.P. 12(f). The fact remains that Plaintiffs' motion to strike was filed: (a) 69 days after Defendant's answer to the Second Amended Complaint was filed, and (b) 40 days after Defendant responded that it would not acquiesce to Plaintiffs' demand that Defendant withdraw certain answers to the Second Amended Complaint. There is no excuse for such delay, as evidenced by Plaintiffs' failure to offer any justification for its delay in filing the motion to strike.

The Court is not making a determination at this time whether Defendant made admissions in the answers to the First Amended Complaint that allegedly were substantively changed in Defendant's answers to the Second Amended Complaint. As Defendant acknowledges, to the

extent that any of its answers to the First Amended Complaint constituted judicial admissions, such judicial admissions will still be enforceable as this case moves forward. Thus, the Court's denial of Plaintiffs' motion to strike as untimely will not prejudice Plaintiffs' right or ability to argue that any of Defendant's answers to the First Amended Complaint constituted judicial admissions.

## IV.  CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that Plaintiffs' Motion to Strike Defendant's Answer to Plaintiffs' Second Amended Complaint [dkt 152] is DENIED.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
Hon. Lawrence P. Zatkoff
United States District Judge

Dated:  October 20, 2014